**ZHI HE DONG, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

**Docket No. 02–4756.**

United States Court of Appeals, Second Circuit.

Aug. 25, 2004.

Gang Zhou, New York, NY, for Petitioner.

Ross E. Morrison, Assistant U.S. Attorney, Southern District of New York (David N. Kelley, U.S. Attorney and Sara L. Shudofsky, Assistant U.S. Attorney, on the brief), for Respondent.

PRESENT: JACOBS, B.D. PARKER, and HALL, Circuit Judges.

*SUMMARY ORDER*

Zhe He Dong petitions for review of a November 7, 2002 decision of the Board of Immigration Appeals ("BIA"), which summarily affirmed a November 19, 1999 decision of the Immigration Judge ("IJ"), denying his applications for asylum and withholding of deportation. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

**22**

This Court reviews the factual findings of the BIA or IJ under the substantial evidence standard: a finding will stand if supported by reasonable, substantial, and probative evidence. *See Secaida–Rosales v. INS*, 331 F.3d 297, 306–07 (2d Cir.2003). The decision below can be reversed "only if no reasonable fact-finder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden." *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000).

Petitioner bears the burden of demonstrating his eligibility for asylum. His testimony "may be sufficient to carry this burden," *Secaida–Rosales*, 331 F.3d at 306, but only if it "is believable, consistent, and sufficiently detailed to provide a plausible and coherent account of the basis of the alien's alleged fear." *Diallo*, 232 F.3d at 285 (quoting *In re M–D–*, 21 I. & N. Dec. 1180, 1998 WL 127881 (BIA 1998)). The IJ discounted petitioner's credibility on the basis of his demeanor at the hearing and discrepancies between his testimony and various documents submitted prior to the hearing. The IJ's credibility determination warrants a high degree of deference, particularly because she observed Dong's testimony firsthand. *See Montero v. INS*, 124 F.3d 381, 386 (2d Cir.1997). We believe that her conclusions were reasonably supported by substantial evidence.

Because petitioner has failed to establish his eligibility for asylum, he is "necessarily unable to establish his eligibility for withholding of removal." *Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

We have considered petitioner's remaining claims and find them to be without merit.

For the reasons set forth above, the judgment of the Board of Immigration Appeals is hereby **AFFIRMED** and the petition for review is **DENIED**.